**COMP**
SHLOMO S. SHERMAN, ESQ.
Nevada Bar No. 009688
**SHERMAN LAW, PLLC**
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Telephone: (702) 900-2786
Facsimile: (702) 714-0971
E-Mail:    shlomo@shermanlawlv.com

Attorneys for Plaintiff,
CORNERSTONE TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CORNERSTONE TECHNOLOGIES, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MYDAILYCHOICE, INC., a Nevada corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.   2:22-cv-00528<br><br>**COMPLAINT** |

Plaintiff, CORNERSTONE TECHNOLOGIES, LLC ("Cornerstone"), by and through its undersigned counsel ("Plaintiff" or "Cornerstone") hereby complains and alleges against Defendants MYDAILYCHOICE, INC., a Nevada corporation ("MDC") and DOES 1-10 (collectively, with MDC, "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) as Defendant is a Nevada resident and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Nevada.

///

## PARTIES

3. Plaintiff is a Utah limited liability company with its principal place of business at 1387 S. 630 E, American Fork, Utah.

4. On information and belief, MDC is a Nevada corporation with its principal place of business in Clark County, Nevada, at 6713 S. Eastern Ave, Las Vegas, NV 89119.

## GENERAL ALLEGATIONS

5. On or about December 20, 2019, MDC entered into a Master Services Agreement (the "**MSA**"), which incorporated a Statement of Work (the "**SOW**," and collectively with the MSA, the "**Agreement**") with Cornerstone to provide audio/visual event services at MDC's Mastermind Leadership Training Conference (the "**Conference**") in May of 2021.

6. The MSA contains a choice of law provision invoking Nevada and federal law and venue in the federal and state courts of Nevada.

7. The MSA also contains an attorney fee provision providing that the prevailing party shall be awarded its reasonable attorneys' fees and costs in legal proceedings to enforce the MSA.

8. As it relates to the Conference, the SOW outlined the audio/visual services that Cornerstone was to provide at the Conference, and MDC agreed to pay for those services under the terms set forth in the SOW.

9. On May 13 and 14, 2021, Cornerstone provided the agreed audio/visual services to MDC at the Conference without any issues.

10. On July 1, 2021, Cornerstone provided an invoice to MDC for the audio/visual services in the total amount of $253,824.70.

11. The invoice included a discount of $11,089.99 in anticipation of timely payment by MDC by ACH, cash, wire, or check.

12. However, pursuant to the terms of the MSA, the discount was forfeited by MDC for failure to pay the balance owed.

13. Despite demand by Cornerstone, and a corresponding promise of imminent payment by MDC, to date, MDC has failed to make *any* payment for the services provided by Cornerstone, thus breaching the Agreement between the parties.

*Complaint* (826-00001)

2

14. In addition to the unpaid balance, Cornerstone is entitled to finance charges on the unpaid balance in an amount consistent with industry standards.

15. As a result of MDC's breach, there remains due and owing the total of $287,571.16 as of January 28, 2022, consisting of principal in the amount of $264,914.69, and accrued finance charges on the overdue balance in the total amount of $22,656.47, excluding Cornerstone's reasonable attorneys' fees and costs.

16. Alternatively, as a result of MDC's breach, Cornerstone has been damaged in the amount equal to the value of the services it provided under the Agreement as itemized in the invoices provided to MDC (ignoring any forfeited discount), its reasonable attorneys' fees and costs incurred in attempting to enforce the Agreement, and accrued finance charges at the industry rate and/or interest accruing at the legal rate.

### Count I: Breach of Contract

17. Cornerstone realleges and incorporates all preceding allegations as though fully set forth herein.

18. Cornerstone and MDC entered into a valid, enforceable Agreement pursuant to which Cornerstone was to provide certain audio/visual services to MDC in exchange for a specified amount of compensation.

19. Cornerstone performed under the Agreement by providing the agreed audio/visual services at the Conference conducted by MDC.

20. MDC has breached the Agreement by failing to make payment for Cornerstone's services.

21. As a result of MDC's breach, Cornerstone has suffered damages which include, but are not limited to, the unpaid compensation promised in the Agreement, reasonable attorneys' fees and costs, and accrued finance charges at the industry rate and/or interest accruing at the legal rate.

### Count II: Breach of the Implied Covenant of Good Faith and Fair Dealing

22. Cornerstone realleges and incorporates all preceding allegations as though fully set forth herein.

23. The Agreement contained an implied covenant of good faith and fair dealing.

*Complaint* (826-00001)

3

24. MDC violated that implied covenant when it failed to make any effort to pay for the services provided by Cornerstone.

25. Indeed, MDC deliberately countervened the intention and spirit of the Agreement by allowing Cornerstone to provide audio/visual services without intending to pay for them.

26. As a result of MDC's breach of the implied covenant of good faith and fair dealing, Cornerstone has suffered damages which include, but are not limited to, the value of its services, reasonable attorneys' fees and costs, and accrued finance charges at the industry rate and/or interest accruing at the legal rate.

### Count III: Unjust Enrichment

27. Cornerstone realleges and incorporates all preceding allegations as though fully set forth herein.

28. Alternatively, Cornerstone conferred a benefit upon MDC by providing audio/visual services at the Conference.

29. MDC appreciated and knew of the benefits that Cornerstone conferred upon it and accepted and retained those benefits.

30. Allowing MDC to retain the benefits they received from Cornerstone without payment would unjustly and unfairly enrich MDC, at the cost and expense of Cornerstone.

31. As a result of MDC's unjust enrichment, Cornerstone is entitled to damages in an amount equal to the value of the services that it provided to MDC, as itemized and quantified in the SOW, in addition to its reasonable attorneys' fees and costs, and accrued finance charges at the industry rate and/or interest accruing at the legal rate.

///

///

///

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Cornerstone, expressly reserving the right to amend this Complaint prior to, or at the time of trial of this action to conform with the evidence, prays for judgment as follows:

1. Judgment against MDC in a sum in excess of $287,571.16 as of January 28, 2022, together with accrued interest/finance charges, costs, and reasonable attorneys' fees.

2. For such further relief as the Court may deem just and proper.

DATED this 25th day of March, 2022.

                                              SHERMAN LAW, PLLC

By _____
SHLOMO S. SHERMAN, ESQ.
Nevada Bar No. 009688
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128

Attorneys for Plaintiff, CORNERSTONE TECHNOLOGIES, LLC

*Complaint* (826-00001)

5